[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13737
Non-Argument Calendar

_____

D. C. Docket No. 04-00256-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY SANDERS,
a.k.a. Antique,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(April 21, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Sanders appeals his 324-month sentence for conspiracy to possess

and possession with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Sanders asserts his sentence is unreasonable in light of (1) his age, (2) his role in the offense, (3) his criminal history, and (4) the 100:1 penalty ratio used in the Guidelines for offenses involving crack cocaine compared to similar offenses involving powder cocaine.  Sanders' sentence is reasonable, and we affirm.

After *United States v. Booker*, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated sentencing range under the Guidelines and the factors set forth in 18 U.S.C. § 3553(a).  *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).  The factors in § 3553(a) include: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range."  *United States v. Scott*, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).  "[N]othing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *Id.* at 1329.  Instead, indications in the record that the district court considered facts and circumstances

falling within § 3553(a)'s factors will suffice. *Id.* at 1329-30.

We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). "Review for reasonableness is deferential. *Talley*, 431 F.3d at 788. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* The party challenging the sentence has the burden of establishing the sentence is unreasonable. *Id.*

Sanders has failed to meet his burden of showing his sentence was unreasonable in light of the record and the § 3553(a) factors. After correctly calculating the Guidelines range and considering the factors contained in 18 U.S.C. § 3553(a), the district court imposed a sentence within the Guidelines range, and "we ordinarily will expect that choice to be a reasonable one." *See Talley*, 431 F.3d at 788. The factors which he argues, such as his age, role in the offense, and criminal history, were all considered by the district court and do not render his sentence unreasonable. Finally, Sanders' contention his sentence is unreasonable because of the 100:1 penalty ratio for offenses involving crack cocaine compared to similar offenses involving powder cocaine is unavailing. This is the ratio used in the United States Code and in the Guidelines. 21 U.S.C. § 841(b); U.S.S.G.

§ 2D1.1.  Therefore, in determining Sanders's sentence, the district court applied the law as it is stated in the statute and the Guidelines, and we cannot say a sentence based on the law is unreasonable.

AFFIRMED.

4